IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| KEITH EDWARD MOSS, | ) | |
|     Petitioner, | ) | Civil Action No. 7:22-cv-00039 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| JOSUHA SALMON, *et al.*, | ) |     United States District Judge |
|     Respondents. | ) | |

**MEMORANDUM OPINION**

Keith Edward Moss, a pretrial detainee at the Lynchburg Adult Detention Center, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. His petition is eighty-six pages long and contains more than eighty pages of exhibits. In it, he lists four grounds for relief, all of which challenge his current incarceration and allege that he has been "falsely imprisoned" since February 2021. In general terms, he alleges that he was improperly arrested in February 2021, based on an illegal search and seizure, and that the criminal charges against him have not been brought to trial, in violation of his speedy trial rights. He claims repeatedly that he was not brought before a magistrate judge in a timely fashion, was not advised of his rights, and that "certain mandatory legal proceedings" have not occurred. (Pet. 13, Dkt. No. 1.) He also is dissatisfied with his appointed attorney in his criminal case and the attorney's conduct in several respects, including counsel's representation of him on the Commonwealth's motion to compel blood testing and counsel's motioning to continue the trial. Moss further alleges that he was appointed counsel based on a statement of indigency that was executed without his knowledge or consent. From this, he seems to argue that his counsel was never properly appointed and counsel's actions and motions were invalid.

For relief, Moss asks the court to "dismiss [his] charges [and] release [him] from custody." (Pet. 8.) He further requests "[a]ny additional relief the Court deems just, proper, and equitable." (*Id.*)

After review of the petition, the court concludes that it must be summarily dismissed.[1] In particular, the relief he seeks—the dismissal of his charges and release from custody—are inappropriate at the pretrial stage of his criminal case. Moreover, Moss's claims have not been properly exhausted. For these reasons, explained in more detail below, the court will dismiss Moss's § 2241 petition without prejudice.[2]

I.   BACKGROUND

Moss is a pre-trial detainee. According to available court records, of which the court takes judicial notice,[3] Moss has a number of charges against him currently pending in the Lynchburg Circuit Court, in case numbers CR21000471-00 through CR21000471-15. These include numerous charges for assault and battery against a law enforcement officer, a charge of malicious wounding, an obstruction-of-justice charge, and an intoxicated-in-public charge. The dockets for those cases reflect that Moss was arrested on February 13, 2021, that the trial has

---

[1] Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which may be applied to § 2241 cases under Rule 1(b), a court may summarily dismiss a petition when it is plain that the petitioner is not entitled to relief.

[2] In a portion of his petition, Moss complains about the "harsh confinement conditions" and his complaint also might be construed as asserting a claim that the force used to arrest him was excessive. Such claims are more properly asserted as part of a claim under 42 U.S.C. § 1983, but Moss has not filed his case as a civil action nor asserted any § 1983 claims, and the court declines to construe his petition as a civil rights action.

[3] *See* Fed. R. Evid. 201(b)(2) (permitting a federal court to take judicial notice of certain facts); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239–40 (4th Cir. 1989) (explaining that a federal court may take judicial notice of state court proceedings that directly relate to the issues pending in the federal court).

been continued a number of times, including once on the motion of the defense, and that his case is currently set for a jury trial to begin on August 2, 2022.[4]

He describes his four grounds for relief as follows:

(1) The deprivation of the Petitioner's right to due process is the direct result of [Lynchburg Police Department] officers' failure to follow proper arrest procedures, as well as the complete void in mandatory legal proceedings, which constitutes false imprisonment.

(2) The Petitioner has effectively been deprived of his right to counsel, which included the Petitioner's right to counsel of choice, in lieu of improper court-appointed counsel that has successfully contributed to the Petitioner's current confinement in direct violation of his Sixth [Amendment rights].

(3) The Petitioner is currently being continued beyond the Constitutional time period necessary to satisfy his asserted right to a speedy trial; and

(4) Following the warrantless capture of the Petitioner on 2/13/21, [Lynchburg Police Department] & jail officers' failure to have the Petitioner brought forthwith before a judicial officer has resulted in the strenuous violation of the Petitioner's Fourth [Amendment rights] and has directly assisted in the Petitioner's current false imprisonment.

(Pet. at 6–8, Dkt. No. 1 (cleaned up).)

---

[4] In his petition before this court, Moss says he is challenging cases out of the Lynchburg General District Court. (*See* Pet. at 11, Dkt. No. 1.) In reviewing the dockets for the listed case numbers, however, they indicate that the charges were certified to the grand jury and that the relevant case information and case disposition in contained with the circuit court's case file.

## II. DISCUSSION

The Fourth Circuit has recognized that there are limited circumstances in which a pretrial detainee can seek federal habeas corpus relief under 28 U.S.C. § 2241 before the entry of a final court judgment against him. *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995) ("Pretrial petitions for habeas corpus are properly brought under 28 U.S.C.A. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered against him and regardless of the present status of the case pending against him . . . .") (citation omitted); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) (holding same as to pretrial detainee of a state). In *Dickerson*, the court noted a distinction (also recognized by other federal circuit courts of appeals, as discussed therein) between speedy trial claims attempting to dismiss an indictment or prevent a prosecution and claims attempting to force the state to go to trial. Only the latter is appropriate for pretrial resolution. The *Dickerson* court summarized the rule as follows: "pre-trial habeas relief is generally not available to consider a petitioner's claim that a state is barred from trying him because it has violated his sixth amendment right to a speedy trial." 816 F.2d at 226. Thus, under the reasoning of *Dickerson*, Moss's argument—which is that he should not be prosecuted at all but should instead be released—would not entitle him to relief via pretrial habeas.

In any event, exhaustion of claims on the merits in state court is generally required before filing under § 2241. *Dickerson*, 816 F.2d at 229. *See also McFadden v. Simon Major*, No. CA 3:10-68-RBH-JRM, 2010 WL 1542531, at *2 (D.S.C. Feb. 23, 2010), *report and recommendation adopted sub nom. McFadden v. Major*, No. CIVA3:10-68-RBH, 2010 WL 1542544 (D.S.C. Apr. 15, 2010) (collecting cases requiring exhaustion for pretrial habeas claims brought under § 2241). Available court records, however, reflect that Moss has not filed any

4

appeals or state habeas petitions with the Supreme Court of Virginia, which he must do to exhaust his state court remedies.

The exhaustion requirement is closely related to the principles set forth in *Younger v. Harris*, 401 U.S. 37 (1971). *Thomas v. Clarke*, No. 2:17CV209, 2017 WL 7167101, at *3 (E.D. Va. Dec. 21, 2017), *report and recommendation adopted,* No. 2:17CV209, 2018 WL 627387 (E.D. Va. Jan. 30, 2018) (explaining that even if the claims of the pretrial detainee plaintiff were cognizable under § 2241, they would be subject to dismissal because of "two related and overlapping grounds": *Younger* abstention and petitioner's failure to exhaust). *Younger* requires a federal court to "abstain from exercising jurisdiction and interfering in a state criminal proceeding if (1) there is an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides adequate opportunity to raise constitutional challenges." *Nivens v. Gilchrist*, 444 F.3d 237, 241 (4th Cir. 2006) (citation omitted). There are exceptions, for "extraordinary circumstances," which have been found mostly in cases involving double jeopardy claims. *See McFadden*, No. 3:10-68-RBH-JRM, 2010 WL 1542531, at *3 (D.S.C. Feb. 23, 2010) (collecting authority).

Although some pretrial habeas claims can proceed without exhaustion, that requires extraordinary or special circumstances. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490 (1973) (requiring special circumstances to allow pretrial, unexhausted challenges in habeas); *Moore v. DeYoung*, 515 F.2d 437, 443 (3d Cir. 1975) (explaining a federal court should not exercise habeas "jurisdiction without exhaustion . . . at the pre-trial stage unless extraordinary circumstances are present"; otherwise, the petitioner must exhaust state remedies and make a special showing of the need for adjudication before trial). Nothing in Moss's

petition suggests that there are extraordinary or special circumstances in his case that would allow him to assert his claims in a § 2241 petition, without first exhausting them in state court.

Accordingly, Moss's claims, to the extent they can be brought at all pursuant to § 2241, are subject to dismissal without prejudice for failure to exhaust his state court remedies and also under *Younger*. Moss must first exhaust his claims by raising them before the Supreme Court of Virginia, in either a direct appeal or in a habeas petition, before seeking federal habeas relief.

As noted *supra* at note 2, some of Moss's claims may be more properly construed as claims pursuant to 42 U.S.C. § 1983. But Moss has not indicated an intent to file a § 1983 action, and the court declines to construe any of his claims as such. If he would like to file an action pursuant to § 1983, he may file a separate complaint that will be docketed in a new case.

### III.  CONCLUSION

For the reasons stated, the court will dismiss Moss's petition without prejudice.

Entered: April 12, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge